## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISIONS

KATHY KANE LOCHMANN,

                Plaintiff,

vs

TRW, INC., and RONALD A. MUCKLEY,

                Defendants.
_____/

CASE NUMBER: 01-60131-AA
HON. MARIANNE O. BATTANI

**ASKER, CHAPP & CLOS, P.C.**
By:   Paul P. Asker (P45098)
        Charles E. Clos (P43380)
        Jennifer Cordon Thor (P53739)
35551 Ford Road, Suite 100
Westland, MI 48185
(734) 326-2101
Attorneys for Plaintiff

**VERCRUYSSE METZ & MURRAY, P.C.**
By:   Robert M. Vercruysse (P21810)
        Susan Hartmus Hiser (P45681)
31780 Telegraph Road, Suite 200
Bingham Farms, MI 48025
(248) 540-8019
Attorneys for Defendants
_____/

FILED JUN 3 3 10 PM '02
U.S. DISTRICT COURT
ANN ARBOR

### PLAINTIFF KATHY KANE LOCHMANN'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

LAW OFFICES
ASKER, CHAPP
& CLOS, P.C.

35551 FORD RD
SUITE 100
WESTLAND, MI 48185
(734) 326-2101
(734) 595-9771



## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................ i

COUNTER STATEMENT OF ISSUES PRESENTED ................................. ii

CONTROLLING AUTHORITY ....................................................... iii

COUNTER STATEMENT OF RELEVANT FACTS ................................... 1

ARGUMENT .......................................................................... 2

CONCLUSION ....................................................................... 3

LAW OFFICES
ASKER, CHAPP
& CLOS, P.C.

35551 FORD RD
SUITE 100
WESTLAND, MI 48185
(734) 326-2101
(734) 595-9771

## COUNTER STATEMENT OF ISSUES PRESENTED

I. Whether it is improper to fie a motion to strike a motion.

Plaintiff's answer - Yes.

LAW OFFICES
ASKER, CHAPP
& CLOS, P.C.

35551 FORD RD
SUITE 100
WESTLAND, MI 48185
(734) 326-2101
(734) 595-9771

ii

# CONTROLLING AUTHORITY

**Cases**

Manchester Mfg. Acquisitions, Inc. v. Sears, Roebuck & Company, 909 F.Supp. 47, 55 (D.N.H. 1995) .................................................................... 2

Morroni v. Gunderson, 169 F.R.D. 168, 170 (M.D. Fla. 1996) .............................. 2

Weiss v. PPG Industries, Inc., 148 F.R.D. 289, 291-92 (M.D. Fla. 1993) ..................... 2

**Rules**

Federal Rules of Civil Procedures ("FRCP") 7 ........................................... 2

FRCP Rule 11 ..................................................................... 3

FRCP 12(f) ........................................................................ 2

LAW OFFICES
ASKER, CHAPP
& CLOS, P.C.

35551 FORD RD
SUITE 100
WESTLAND, MI 48185
(734) 326-2101
(734) 595-9771

## COUNTER STATEMENT OF RELEVANT FACTS

Plaintiff, Kathy Kane Lochmann ("Plaintiff"), filed her Motion for Class Certification on or about April 25, 2002. Prior to Plaintiff filing that motion, Defendants, TRW, Inc and Ronald A. Muckley ("Defendants"), had filed numerous discovery motions with the Court. Defendants' Response to Plaintiff's Motion for Class Certification was due on May 17, 2002. However, at a hearing on May 3, 2002, before Magistrate Judge Stephen Pepe, Judge Pepe adjourned the date that the Defendants had to file a response to Plaintiff's Motion for Class Certification. Judge Pepe wanted to resolve the other issues before him prior to requiring Defendants to file a response to Plaintiff's motion. The discovery motions will be heard before Judge Pepe on June 17, 2002.

By letter dated May 15, 2002, counsel for Defendants confirmed with the Clerk to Judge Marianne O. Battani that their response to Plaintiff's Motion for Class Certification would not be filed by May 17, 2002. **Exhibit A.** In fact, counsel for Defendants indicated that they would not file their response brief that week.

Instead of filing a response to Plaintiff's Motion for Class Certification, Defendants filed a Motion to Strike Plaintiff's Motion for Class Certification on or about May 20, 2002.

LAW OFFICES
ASKER, CHAPP
& CLOS, P.C.

35551 FORD RD
SUITE 100
WESTLAND, MI 48185
(734) 326-2101
(734) 595-9771

1

## ARGUMENT

Defendants' motion is procedurally improper because a motion cannot be stricken. A motion to strike is generally limited to pleadings. Federal Rules of Civil Procedures ("FRCP") 7 lists the allowable pleadings that may be filed in the Federal District Courts. Rule 7 only recognizes a complaint, an answer, counter-claim, cross-claim, a reply to a counter-claim, an answer to a cross-claim, a third party complaint, and an answer to a third party complaint. "[N]o other pleadings shall be allowed, except that the Court may order a reply to an answer or a third party answer." FRCP 7. Since a motion is not included in FRCP 7's list of allowable pleadings, a motion is not a pleading in the Federal Courts. Weiss v. PPG Industries, Inc., 148 F.R.D. 289, 291-92 (M.D. Fla. 1993) ("A motion is not a pleading, and thus a motion to strike a motion is not proper...")

FRCP 12(f) governs a motion to strike a pleading. Rule 12(f) only applies to striking matters from any pleading. Since a motion is not a pleading, Rule 12(f) does not apply. FRCP 7. A motion to strike a motion is improper. Morroni v. Gunderson, 169 F.R.D. 168, 170 (M.D. Fla. 1996) Furthermore, Courts have consistently held that motions are generally not subject to being stricken. *See example, e.g.* Manchester Mfg. Acquisitions, Inc. v. Sears, Roebuck & Company, 909 F.Supp. 47, 55 (D.N.H. 1995).

Although Defendants filed a rather lengthy brief to their Motion to Strike Plaintiff's Motion for Class Certification, Defendants failed to cite any authority to support their position that Plaintiff's motion should be stricken. In fact, Defendants' argument section only consists of Defendant's arguments for why Plaintiff's Motion for Class Certification should be denied.[1] Defendants' Motion to Strike Plaintiff's Motion is not supported in the law.

LAW OFFICES
ASKER, CHAPP
& CLOS, P.C.

35551 FORD RD
SUITE 100
WESTLAND, MI 48185
(734) 326-2101
(734) 595-9771

---

[1] Plaintiff believes that her Motion for Class Certification should be granted for the reasons stated in her brief. However, Plaintiff will not waste the Court's time in addressing the arguments made by Defendant's in this current improper motion to strike. If Defendants file an official response to Plaintiff's Motion for Class Certification, Plaintiff will reply to that response, if necessary.

Since the relief requested by Defendants is not provided for in the law and, in fact, is improper, Plaintiff requests that the Court sanction Defendants and their counsel for bringing this motion pursuant to FRCP Rule 11.

### CONCLUSION

Plaintiff requests that Defendant's Motion to Strike Plaintiff's Motion for Class Certification be denied in its entirety, for the very reason that the relief requested is not supported by the law and is improper, and award her attorney fees and costs so wrongfully incurred.

Respectfully submitted,

ASKER, CHAPP & CLOS, P.C.

Dated: 6/3/02

PAUL P. ASKER (P45098)
JENNIFER CORDON THOR (P53739)
CHARLES E. CLOS (P43380)
Attorneys for Plaintiff

\\SERVER\DOCS\TSM\CLIENTS\LOCHMANN\EMPLOY\Federal Court\ResDfMotStrk.pld.wpd

LAW OFFICES
ASKER, CHAPP
& CLOS, P.C.

35551 FORD RD
SUITE 100
WESTLAND, MI 48185
(734) 326-2101
(734) 595-9771

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED