ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHY KANE LOCHMANN,

    Plaintiff,

vs.

TRW INC., an Ohio corporation, and
RONALD A. MUCKLEY,

    Defendants.

Case No. 01-60131
Hon. Marianne O. Battani

___

TRW INC., an Ohio corporation,

    Plaintiff,

vs.

KATHY KANE LOCHMANN,

    Defendant.

FILED
2002 JUN 10 A 11:37
U.S. DIST. COURT CLERK
EAST. DIST. MICH.
DETROIT

___

### REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION
### TO STRIKE PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

**I.    Defendants' Motion Is Proper In Light Of The
Information Available To Them At This Time**

    Plaintiff's <u>only</u> argument in response to Defendants' Motion to Strike is that motions to strike other motions are improper. Defendants were initially granted additional time within which file a Response to Plaintiff's Motion for Class Certification because they do not possess all of the information that is necessary in order to prepare a complete Response. More specifically, Plaintiff's Motion is based entirely on the opinion of her statistical expert, Edward



Rothman. Despite representations that she would do so, to date, Plaintiff has failed to produce to Defendants even a preliminary report of Dr. Rothman concerning his opinions, on which Plaintiff's alleged class action claim is based. Defendants have not yet had an opportunity to depose Mr. Rothman because they have not been permitted to examine his report. Indeed, Defendants have filed a Motion to Compel concerning this necessary discovery, which is currently scheduled for hearing on June 17, 2002 before Magistrate Judge Steven Pepe. Once Defendants receive Dr. Rothman's report and have the opportunity to depose him, they anticipate that they will have additional evidence in support of their argument that Plaintiff's attempt to certify a class is misplaced and should not be allowed at this advanced stage in the proceedings.

Indeed, Judge Pepe asked this Court to extend Defendants' time within which to file a Response to Plaintiff's Motion until after he has ruled on Defendants' motion regarding the discovery issues and until after such further discovery has taken place.[1] Nevertheless, even without this additional information, it is apparent that Plaintiff's attempt to certify a class is futile because, as pointed out in Defendants' principal Brief, she cannot meet the requirements of Fed. R. Civ. P. 23.[2] Thus, in the interests of efficiency, Defendants have filed the instant Motion so that, if the Court agrees with Defendants, the parties can avoid the expense of having to conduct additional discovery on the class action issue, done merely to oppose to an obviously futile and procedurally improper motion.

---

[1] There is no question that Plaintiff will be required to produce a report of her expert and to make him available for deposition. The only question is whether Plaintiff is entitled to additional discovery from Defendants before her expert is required to render his opinion. Judge Pepe will hear both Plaintiff's and Defendants' motions to compel discovery on June 17, 2002.

[2] For a more complete discussion of the procedural impropriety of Plaintiff's Motion, see Defendants' Brief in Support of Motion to Strike Plaintiff's Motion for Class Certification.

2

## II. At the Very Least, Defendants' Motion And Brief In Support Should Be Considered As A Response To Plaintiff's Motion

Plaintiff cites several out-of-circuit cases for the proposition that a motion to strike another motion is improper. None of these cases, however, addresses the propriety of such a motion where, as here, the original motion was itself procedurally improper.

Courts faced with this issue, including those cited by Plaintiff, have simply considered such motions to strike as response briefs and have gone on to decide the merits of the underlying motion. In Morroni v. Gunderson, 169 F.R.D. 168, 170 (M.D. Fla. 1996), for example, the court held that it would "consider the points raised by Plaintiffs in the motion to strike as a memorandum in opposition to [the original motion]." Courts within the Sixth Circuit have taken a similar approach. See Griggs v. Allstate Ins. Co., 1997 WL 1764777, *1 n1 (S.D. Ohio 1997) (Exhibit A) (motion to strike interpreted as a reply brief); Harrison v. Clemente, 93 F. Supp. 2d 856, 857 (N.D. Ohio 2000) (memorandum and exhibits filed in support of motion to strike are considered in ruling upon underlying request). Thus, at the very least, Defendants' Motion and Brief in Support should be treated as a preliminary Response to Plaintiff's Motion for Class Certification.

Finally, none of the cases cited by Plaintiff even mention the possibility of Rule 11 sanctions for the filing of the motion to strike. Plaintiff has failed to cite any authority in support of her request for such sanctions and it should, therefore, also be denied.

### CONCLUSION

For the reasons stated above, Defendants renew their request that this Court grant their Motion to Strike Plaintiff's Motion For Class Certification and award the other relief requested in Defendants' Motion.

Respectfully Submitted,

**VERCRUYSSE METZ & MURRAY, P.C.**

By: _____
Robert M. Vercruysse (P21810)

By: _____
Susan Hartmus Hiser (P45681)

31780 Telegraph Road, Suite 200
Bingham Farms, Michigan 48025
(248) 540-8019

Dated: June 6, 2002                **Attorneys for Defendants, TRW Inc.
                                   and Ronald A. Muckley**

### PROOF OF SERVICE

I served a copy of the above document by faxing (w/o attachment) and mailing (w/ attachment) it to Paul P. Asker on June 6, 2002.

I declare that the statements above are true to the best of my knowledge.

_____
Joy Ann Clarkson

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED